# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs January 10, 2012

## VINCENT D. HADLEY v. HENRY STEWARD, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6500      Joseph H. Walker, III, Judge**

---

**No. W2011-01750-CCA-R3-HC  - Filed July 2, 2012**

---

Petitioner, Vincent D. Hadley, appeals from the trial court's summary dismissal of the habeas corpus petition filed by Petitioner.  Petitioner asserts on appeal that the indictment, which resulted in his guilty plea to felony murder in 1994, is defective and that the judgment is void.  After reviewing the briefs of the parties and the entire record on appeal, we affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Lauderdale County Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Vincent D. Hadley, Henning, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The indictment returned by the Shelby County Grand Jury in Petitioner's case alleges in pertinent part,

> . . . that: VINCENT D. HADLEY, on August 6, 1993, in Shelby County,
> Tennessee, and before the finding of this indictment, did unlawfully kill [the

victim] a child under the age of thirteen (13) years of age, the death of the said child having resulted from Aggravated Child Abuse, as defined by Section 39-15-402, committed by the aforementioned, Vincent D. Hadley against the said [victim], in violation of T.C.A. § 39-13-202, against the peace and dignity of the State of Tennessee.

In his *pro se* brief, Petitioner generally asserts that the indictment fails to allege all the elements of felony murder, and fails to state facts and circumstances sufficient "to constitute the crime of murder." Petitioner also reincorporates in his brief the arguments of law alleged in his petition for habeas corpus relief. While definitely not approving of this method for presenting an argument on appeal, we do note that the essence of his argument in the petition concerning the alleged deficiency of the indictment is that the indictment failed to allege the appropriate *mens rea* of "recklessly" as to felony murder. Even if that *mens rea* was a necessary element at the time of the offense, the indictment was not defective for failing to allege that Petitioner acted "recklessly." In *State v. Carter*, 988 S.W.2d 145 (Tenn. 1999), the defendant was convicted of felony murder when that offense's definition included as an element a *reckless* killing of another person in the perpetration of a statutorily specified felony. *See* Tenn. Code Ann. § 39-13-202(a)(2)(1991). The indictment, just like the indictment in Petitioner's case, failed to allege "recklessly" or any other mental state. The supreme court in *Carter* rejected the defendant's argument that the indictment was deficient "for failing to allege the appropriate mental state of recklessness." *Carter*, 988 S.W.2d at 148. Specifically, our supreme court stated,

> This Court has relaxed the strict pleading requirements of common law as noted in *State v. Ruff*, 978 S.W.2d 95, 100 (Tenn. 1998), by holding that an indictment which includes a reference to the criminal statute that sets forth the mens rea is sufficient to give a defendant notice of the applicable mental state.

*Carter*, 988 S.W.2d at 148.

The indictment in Petitioner's case alleged the correct applicable statutes. The indictment is sufficient. The judgment is not void. Petitioner is not entitled to relief in this appeal. The judgment is affirmed.

## CONCLUSION

The judgment of the trial court was in a proceeding without a jury, it was not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record.

Accordingly, the judgment of the trial court is affirmed by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____

THOMAS T. WOODALL, JUDGE